ORIGINAL

ORIGINAL

FILED
AUG 19 2008
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Veterans Vocational Services ("VVS"), a Service Disabled Veteran Owned Small Business<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | USCFC CASE NO. 08-589 C<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF;<br><br>( **BID PROTEST**) |

1. The United States Court of Federal Claims has jurisdiction in this post-award bid protest pursuant to 28 U.S.C. § 1491 (b). In accordance with USCFC General Rule No. 65, Plaintiff provided notice of this bid protest by facsimile to the Department of Justice on August 15, 2008, the Clerk of the USCFC on August 15, 2008 and the Contracting Officer on August 15, 2008. Said notice was also sent via UPS to the DOJ, USCFC and the Contracting Officer on August 15, 2008, for delivery August 18, 2008. *Attachment 1.*

2. Plaintiff Veterans Vocational Services ("VVS") is, and at all times herein mentioned was, a service-disabled veteran-owned small business ("SDVOSB") partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veterans and existing under and by the laws of the United States.

3. Defendant THE UNITED STATES OF AMERICA is, and at all times herein mentioned was, acting by and through the Department of Veterans Affairs ("DVA"), address Department of Veterans Affairs, VA Central Office, Acquisition Operations Services (049A3), 810 Vermont Avenue, NW Washington, D.C. 20420, which is, and at all times herein mentioned was, an agency of the United States.

4. On or about June 22, 2007, the DVA issued Solicitation VA 101-07-RP-0306 requesting proposals for Vocational Rehabilitation Services ("California") (the "SOLICITATION"). The SOLICITATION was a competitive set-aside for a Service-Disabled Veteran-Owned Business in accordance with 48 C.F.R. 52-219-27. The SOLICITATION was for the successful proposer to provide assistance to service-connected disabled veterans through vocational rehabilitation and employment ("VR&E"). The object of the Contract(s) resulting from the SOLICITATION was to provide assistance to VR&E in the following areas: (1) initial assessment/evaluation; (2) case management/rehabilitative services; (3) assist the veteran in finding employment or, if employment is not achievable, in achieving maximum independence in daily living; and (4) educational and vocational counseling to aid the individual in selecting and educational/training objective or employment objective. There was also an option to provide discrete other services as required. The SOLICITATION was amended eight times with the final due date for proposals as September 6, 2007. *Attachment 2.*

5. The SOLICITATION was a request for proposals ("RFP") and a set-aside for proposals only by SDVOSBs. The entire SOLICITATION is voluminous and therefore only selected relevant portions are attached to this Complaint. *Attachment 2.*

6. On or about September 4, 2007, VVS timely submitted its proposal (the "PROPOSAL") to the DVA. It is alleged, on information and belief, that multiple SDVOSBs submitted proposals in response to the SOLICITATION. On February 17, 2008, the DVA advised VVS that VVS' proposal was in the competitive range. On information and belief, it is alleged that the DVA has made awards to three proposers.

7. As of the date of the filing of this Complaint, the DVA Contracting Officer has made no written or oral notification of the successful or unsuccessful awardees of the SOLICITATION. It is the understanding of VVS that the DVA intends on issuing the first task orders under the SOLICITATION to commence work on September 1, 2008.

8. On July 25, 2008, VVS learned in an informal telephone conversation with George Tegart of the DVA that VVS' proposal was not selected for award. On July 29, 2008, VVS requested a formal debriefing as required by FAR 52.212-1. *Attachment 3.* The DVA as

of the date of this Complaint has not responded to VVS' request for a debriefing. VVS believes its proposal was not properly considered for award in accordance with the requirements of the SOLICITAION.

9. On or about July 25, 2008, Mr. Peter Dirkx of VVS was orally advised by Mr. George Tegart of the DVA that awards had been made to Heritage of America ("HOA"), an Arizona entity, and Veterans Transitional Services ("VTS") located in El Cajon, CA. On July 28, 2008 and July 29, 2008, VVS filed status protests with the DVA against HOA and VTS, respectively. The status protest of HOA and VTS was based upon the fact that VTS and HOA are not, and were not at the time their proposals were submitted, validly constituted SDVOSBs as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15. *Attachments 4 & 5.*

10. 13 C.F.R. 125.25 (e) requires the DVA to send all status protests to the SBA for a SDVOSB status determination. The DVA has to the date of this Complaint not complied with the mandatory requirements of 13 C.F.R. 125.25.

11. Commencing August 8, 2008, repeated phone calls and electronic messages were made to the Contracting Officer and other DVA representatives to determine the action taken by the DVA in response to VVS' status protest. The DVA did not respond until August 15, 2008. Even that response provided no date for the mandatory referral to the SBA to occur. As of August 18, 2008, the DVA has not referred either HOA or VTS to the SBA for a determination of the SDVOSB status of either HOA or VTS. *Attachment 6.*

12. On or about August 14, 2008, VVS learned that the DVA had also made an award of the SOLICITATION to Sygnetics, Inc. of Rochester, Michigan. On August 15, 2008, VVS filed a size protest with the DVA against Sygnetics, Inc. The size protest against Sygnetics, Inc. is based upon the discovery that Sygnetics , Inc. had an average income of more than $6.5 million over the past three years. The size standard for this SOLICITATION under NAICS 624310 was $6.5 million. *Attachment 7.*

13. 13 C.F.R. 121.1006 requires the DVA to send all status protests to the SBA for a SDVOSB status determination. The DVA has to the date of this Complaint not complied with the mandatory requirements of 13 C.F.R. 121.1006.

14. This court's review of an agency's decision regarding a contractual solicitation or award must be in accord with standards set forth in the Administrative Procedure Act, 5 U.S.C. § 706." Asia Pacific, 68 Fed. Cl. At 19; ViroMed Laboratories, 62, Fed. Cl. at 211; see also 28 U.S.C. § 1491(b)(4) (2000) ("In any action under this [bid protest] subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5."); Bannum, 404 F. 3d at 1351 (stating that "the trial court [first] determines whether ... the government's conduct fails the APA review under 5 U.S.C. § 706(2)(A)"). Accordingly, the court must determine whether the contracting agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. §706(2)(A) (2000); Bannum, 404 F.3d at 1351; Advanced Data Concepts, Inc. v. United States, 216 F. 3d 1054, 1057 (Fed.Cir.2000).

15. VVS bears the burden of proving the arbitrary and capricious nature of the award, by a preponderance of the evidence. See Grumman Data Sys. Corp. v. Dalton, 88 F.3d 990, 995 (Fed.Cir.1996); Hunt Building, 61 Fed. Cl. at 269. "Under an arbitrary or capricious standard, the reviewing court should not substitute its judgment for that of the agency, but should review the basis for the agency decision to determine if it was legally permissible, reasonable, and supported by the facts." ViroMed Laboratories, 62 Fed. Cl. at 212 (citing Motor Vehicle Mfrs. Ass'n of the United States of America v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ). The court should overturn the challenged decision only if "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure.' " Banknote Corp. of Am. V. United States, 365 F.3d 1345, 1351 (Fed.Cir.2004); Asia Pacific, 68 Fed. Cl. at 19 (both quoting Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1332 (Fed.Cir.2001) ); see also Hunt Building, 61 Fed. Cl. at 269.

16. DVA's decision to reject VVS' proposal was arbitrary, capricious and lacked a rational basis in that the DVA did not evaluate VVS' proposal in accordance with the terms of the SOLICITATION. The decision violated the CICA and 48 C.F.R. 9.602, 13 C.F.R. 121.103 and 48 C.F.R. 5119.1070-2, 48 C.F.R. 52-219-27 and 48 C.F.R. 52.212-3.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ISSUE A JUDGMENT:

1. Directing the DVA with an Injunction to not issue a Notice to Proceed on the SOLICITATION pending a Judgment on VVS' Complaint;
2. In the alternative, if DVA has already issued NTPs, direct the DVA to suspend all work on the SOLICITATION pending a Judgment on VVS' Complaint;
3. Direct the DVA to immediately forward the VVS' status protests of HOA and VTS to the SBA. Pending the outcome of the SBA's status determination, direct the DVA to stay Contract performance by either the HOA or VTS.
4. Direct the DVA to immediately forward VVS' size protest of Sygnetics, Inc. to the SBA for a size determination. Pending the outcome of the SBA's size determination, direct the DVA to stay Contract performance by Sygnetics, Inc.
5. Direct the DVA to review the VVS' proposal in accordance with the requirements of the SOLICITATION and existing law and award to VVS.
6. Ordering DVA to pay VVS' costs and attorneys fees of this action; and
7. Granting such other and further relief as this Court may deem just and proper.

Dated: August 18, 2008

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Veterans Vocational Services

ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Veterans Vocational Services ("VVS"), a Service Disabled Veteran Owned Small Business<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | USCFC NO.<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION: POINTS AND AUTHORITIES<br><br>(BID PROTEST) |

**APPLICATION**

1. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and RUSCFC 65, Plaintiff Veterans Vocational Services ("VVS") moves this Court for a Temporary Restraining Order ("TRO"), enjoining and restraining Defendant, THE UNITED STATES OF AMERICA, acting by and through the Department of Veterans Affairs ("DVA"), VA Central Office, Acquisition Operations Services (049A3), 810 Vermont Avenue NW, Washington, D.C. 20420, which is, and at all times herein mentioned was, an agency of the United States from issuing a Notice to Proceed (an "NTP") or a task on Solicitation VA 101-07-RP-0306 requesting proposals for Vocational Rehabilitation Services ("California") (the "SOLICITATION") pending the outcome of VVS' post-award bid protest.

2. Additionally, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and RUSCFC 65, VVS moves this Court for a preliminary injunction ("PI") pursuant to a hearing set by this Court as to whether the DVA should be enjoined and restrained from issuing a Notice to Proceed on the SOLICITATION pending this Court's adjudication of VVS' action for Declaratory Judgment.

3. Additionally, and in the alternative, if an NTP has been already issued to HOA, VTS and/or SYGNETICS, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and RUSCFC 65, VVS moves this Court for a preliminary injunction ("PI") pursuant to a hearing

set by this Court as to whether the DVA should be enjoined and restrained from allowing HOA, VTS and/or SYGNETICS to proceed with the work on the SOLICITATION, pending this Court's adjudication of VVS' action for Declaratory Judgment.

4. This Application is made on the ground that immediate and irreparable injury will result to VVS unless the activity described above is enjoined pending adjudication of VVS' action for Declaratory Judgment. This Application will be based on this Application, Memorandum of Points and Authorities, the Declaration of William L. Bruckner and documents attached the Complaint filed with this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.

### STATEMENT OF THE LAW

5. Both the *Tucker Act, 28 U.S.C. § 1491(b)(2) (2000)*, and RCFC 65 grant the United States Court of Federal Claims the authority to issue temporary restraining orders and preliminary injunctions. Preliminary injunctive relief is an extraordinary and drastic remedy. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam); FMC Corp. v. United States, 3 F.3d 424, 427 (Fed.Cir.1993). The standards for obtaining emergency relief, such as a temporary restraining order, are identical to those that must be satisfied before a preliminary injunction may issue. Four Rivers Invs., Inc. v. United States, 77 Fed.Cl. 592, 594-95 (2007). The moving party must demonstrate that: (1) it has a likelihood of success on the merits; (2) it will suffer irreparable harm if preliminary relief is not granted; (3) the harm it will suffer outweighs the harm to the government and to third parties; and (4) the grant of relief is not contrary to the public interest. *Id.;* see also FMC Corp., 3 F.3d at 427; Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952 (Fed.Cir.1990); Hosp. Klean of Tex., Inc. v. United States, 65 Fed.Cl. 618, 625 (2005). "No one factor, taken individually, is necessarily dispositive.... [T]he weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp.,* 3 F.3d at 427.

6. *13 C.F.R. 125.25 (e)* requires the DVA to send all status protests to the SBA for a SDVOSB status determination. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25.*

7. 13. *13 C.F.R. 121.1006* requires the DVA to send all size protests to the SBA for a SDVOSB size determination. The DVA has not to the date of this Complaint complied with the mandatory requirements of *13 C.F.R. 121.1006.*

**B.**

**STATEMENT OF THE FACTS**

8. The SOLICITATION was a request for proposals ("RFP") and a set-aside for proposals only by SDVOSBs. The entire SOLICITATION is voluminous and therefore only selected relevant portions are attached to this Complaint. *Attachment 2 to Complaint.*

9. The SOLICITATION was a competitive set-aside for a Service-Disabled Veteran-Owned Business in accordance with 48 C.F.R. 52-219-27. The SOLICITATION was for the successful proposer to provide assistance to service-connected disabled veterans through vocational rehabilitation and employment ("VR&E"). The object of the Contract(s) resulting from the SOLICITATION was to provide assistance to VR&E in the following areas: (1) initial assessment/evaluation; (2) case management/rehabilitative services; (3) assist the veteran in finding employment or, if employment is not achievable, in achieving maximum independence in daily living; and (4) educational and vocational counseling to aid the individual in selecting and educational/training objective or employment objective. There was also an option to provide discrete other services as required. The SOLICITATION was amended eight times with the final due date for proposals as September 6, 2007. *Attachment 2 to Complaint.*

10. On or about September 4, 2007, VVS timely submitted its proposal (the "PROPOSAL") to the DVA. It is alleged, on information and belief, that multiple SDVOSBs submitted proposals in response to the SOLICITATION. On February 17, 2008, the DVA advised VVS that VVS' proposal was in the competitive range.

11. On information and belief it is alleged that the DVA has made awards to three proposers: Heritage of America, LLC ("HOA"); Veterans Transitional Services ("VTS"); and, Sygnetics, Inc. ("SYGNETICS")

12. As of the date of the filing of this Complaint the DVA Contracting Officer has made no written or oral notification of the successful or unsuccessful awardees of the SOLICITATION. It is the understanding of VVS that the DVA intends on issuing the first task orders under the SOLICITATION to commence work on September 1, 2008.

13. On July 25, 2008, VVS learned in an informal telephone conversation with George Tegart of the DVA that VVS' proposal was not selected for award. On July 29, 2008, VVS requested a formal debriefing as required by FAR 52.212-1. *Attachment 3*. The DVA, as of the date of this Complaint, has not responded to VVS' request for a debriefing. VVS believes its proposal was not properly considered for award in accordance with the requirements of the SOLICITATION.

14. On or about July 25, 2008, Mr. Peter Dirkx of VVS was orally advised by Mr. George Tegart of the DVA that awards had been made to Heritage of America ("HOA"), an Arizona entity, and Veterans Transitional Services ("VTS") located in El Cajon, CA. On July 28, 2008 and July 29, 2008, VVS filed status protests with the DVA against HOA and VTS, respectively. The status protest of HOA and VTS was based upon the fact that VTS and HOA are not, and were not at the time their proposals were submitted, validly constituted SDVOSBs as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15. *Attachments 4 & 5.*

15. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25* by forwarding VVS' status protest for a status determination.

16. Commencing August 8, 2008, repeated phone calls and electronic messages were made to the Contracting Officer and other DVA representatives to determine the action taken by the DVA in response to VVS' status protest. The DVA did not respond until August 15, 2008. Even that response provided no date for the mandatory referral to the SBA to occur.

As of August 18, 2008, the DVA has not referred either HOA or VTS to the SBA for a determination of the SDVOSB status of either HOA or VTS. *Attachment 6.*

17. On or about August 14, 2008, VVS learned that the DVA had also made an award of the SOLICITATION to SYGNETICS of Rochester, Michigan. On August 15, 2008, VVS filed a size protest with the DVA against Sygnetics, Inc. The size protest against Sygnetics, Inc. is based upon the discovery that Sygnetics, Inc. had an average income of more than $6.5 million over the past three years. The size standard for this SOLICITATION under NAICS 624310 was $6.5 million. *Attachment 7.*

18. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 121.1006* and forwarded the size protest to the SBA for a size determination.

## C.

## ARGUMENT

## VVS IS ENTITLED TO THE ISSUANCE OF A TEMPORATY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

19. VVS will prove that DVA rejected VVS' proposal for veteran vocational services was in clear violation of the terms of the SOLICITATION and federal law.

20. Despite the mandatory requirements of *13 C.F.R. 125.25 (e)*, the DVA has not forwarded VVS' status protests on HOA or VTS to the SBA for a status determination. On this issue alone the Court should issue an immediate TRO and PI staying any award to HOA or VTS pending a determination by the SBA.

21. Despite the mandatory requirements of *13 C.F.R. 121.10006(a)*, the DVA has not forwarded VVS' size protests on Sygnetics, Inc. to the SBA for a size determination. On this issue alone the Court should issue an immediate TRO and PI staying any award to Syngetics, Inc. pending a size determination by the SBA.

//

//

1. **VVS Will Suffer Severe Harm If A Temporary Restraining Order And A Preliminary Injunction Is Not Issued**

22. VVS will suffer irreparable injury unless the Temporary Restraining Order and Preliminary Injunction sought in this case are immediately granted. Monetary damages will not be sufficient to address this harm. The denial of the right to be awarded a contract from the SOLICITATION and have its proposal fairly and lawfully considered constitutes irreparable harm. Additionally, the loss of a major contract is considered to cause irreparable harm when the bid is not fairly and lawfully considered.

23. Alternatively, if a task order under a DVA contract is issued and the award to a currently unknown entity is permitted to actually mobilize and begin performing or if an NTP has already been issued to continue performance, this Court might ultimately determine that, although the award should have been made to VVS, it would now be too costly to disturb the incorrect award to awardee precisely because of the excessive cost to the DVA of having awardee begin performance and demobilize, and then having VVS mobilize and perform.

24. If preliminary injunctive relief is not granted the DVA will be allowed to have VTS, HOA and/or Syngetics, Inc. mobilize and commence performance or to continue performance on the contract. thus diminishing the likelihood that this Court will recommend the appropriate corrective action if it finds that the SOLICITATION was improperly awarded. Without injunctive relief from this Court, VVS may effectively be precluded from meaningful relief and will suffer irreparable harm as a direct result of the DVA's failure to consider VVS' proposal as the best value bid on the SOLICITATION. VVS will suffer irretrievable money losses as well, if VVS is unfairly deprived of the opportunity to fully and fairly litigate its bid protest as Congress determined and intended when it enacted the statutory framework. Art-Metal - USA, Inc. v. Solomon, 473 F.Supp. 1, 4 n.4 (D.D.C. 1978); Pan American World Airways. Inc. v. Marshall, 439 F.Supp. 487, 497 (S.D.N.Y.1977); see also Tri-State Generation v. Shoshone River Power. Inc., 805 F.2d 351, 355 (10th Cir.1986) (where plaintiff cannot collect monetary damages, harm is irreparable.).

25. Absent the granting of the injunction, VVS will be effectively deprived of a remedy for DVA's violation of VVS' clear right, under the terms of the SOLICITATION and the FAR, to be allowed to participate fairly in the bid process. As a result of the DVA's arbitrary and capricious conduct, VVS faces the loss of the profits which are not recoverable. A contractor seeking damages from the award of a contract to a competitor in the Court of Federal Claims can only recover damages which do not exceed the bid preparation costs. The Court of Federal Claims cannot award recovery of lost profits or of the losses caused by liquidation of assets. Keco Indus. v. United States, 192 Ct.Cl. 773, 785, 428 F.2d 1233,1240 (1970); see also S&W Mechanical v. City of Homerville, 682 F.Supp. 546, 547-548 (M.D. Ga. 1988).

26. The effect of the DVA's action is to impose irreparable harm upon VVS and to deprive VVS of a meaningful opportunity to participate in the aforementioned bid process. The denial of the right to have its proposal fairly and lawfully considered constitutes an irreparable injury as does the loss of a major contract. Additionally, VVS' remedy at law is clearly inadequate. Absent an injunction and a temporary restraining order, VVS would effectively lose the right to be awarded the SOLICITATION.

**2. VVS Will Succeed On The Merits Of Its Claim**

27. On or about July 25, 2008, Mr. Peter Dirkx of VVS was orally advised by Mr. George Tegart of the DVA that awards had been made to Heritage of America ("HOA"), an Arizona entity, and Veterans Transitional Services ("VTS") located in El Cajon, CA. On July 28, 2008 and July 29, 2008, VVS filed status protests with the DVA against HOA and VTS, respectively. The status protest of HOA and VTS was based upon the fact that VTS and HOA are not, and were not at the time their proposals were submitted, validly constituted SDVOSBs as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15. *Attachments 4 & 5 to Complaint filed herewith.*

28. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25*. The language of *13 C.F.R. 125.25(e)* is clear and unequivocal: the DVA Contracting Officer must forward to the SBA any non-premature bid protest. The DVA Contracting Officer has not forwarded VVS' status protest of HOA and/or

VTS to the SBA. This is a clear violation of a federal statute and as such this Court must issue a TRO/PI suspending any award to HOA and VTS pending a determination by the SBA of the SDVOSB status of these protested entities.

29. On or about August 14, 2008, VVS learned that the DVA had also made an award of the SOLICITATION to SYGNETICS. On August 15, 2008, VVS filed a size protest with the DVA against Sygnetics, Inc. The size protest against SYGNETICS. is based upon the discovery that SYGNETICS had an average income of more than $6.5 million over the past three years. The size standard for this SOLICITATION under NAICS 624310 was $6.5 million. *Attachment 7.*

30. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 121.1006.* The language of *13 C.F.R. 121.1006* is clear and unequivocal: the DVA Contracting Officer must forward to the SBA any non-premature size protest. The DVA Contracting Officer has not forwarded VVS' size protest of Syngetics, Inc. to the SBA. This is a clear violation of a federal statute and as such this Court must issue a TRO/PI suspending any award to Syngetics, Inc. pending a determination by the SBA of the SDVOSB status of these protested entities.

**3. The Harm To VVS Outweighs Any Harm To The DVA.**

31. The DVA faces no irreparable harm if a Temporary Restraining Order and Preliminary Injunction are granted, but maybe a slight delay in the execution and performance of the SOLICITATION. On the other hand, VVS will definitely suffer irreparable monetary injury; that is, VVS will for certain lose the contract.

32. The SOLICITATION is for veterans vocational services, certainly necessary but hardly offensive to the national security. The DVA can simply allow the incumbent contractor to provide services pending the outcome of this bid protest.

33. Thus, a balancing of the hardships posed to VVS and the DVA by the prospect of a Temporary Restraining Order and preliminary injunctive relief demonstrates that VVS will suffer decidedly more severe harm if the Temporary Relief Order and Preliminary Injunction

are denied than the VA will suffer if the injunction is granted.

34. Since the balance-of-hardship test weighs heavily in favor of VVS, a Temporary Restraining Order and/or an injunction should be issued "if, at least, grave or serious questions are presented." Jones, supra, 704 F.2d at 715 (quoting North Carolina State Ports Authority v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979)); Chalk, supra, 710 - 711.

35. DVA's rejection of VVS' proposal is in violation of the Competition in Contracting Act of 1984 which constitutes, at the very least, questions of a grave and serious nature. Thus, VVS is entitled to an injunction even without establishing a likelihood of success on the merits. Moreover, as the previous sections illustrate, VVS' claim is likely to be vindicated on the merits.

**4. The Public Interest Will Be Served If A Temporary Restraining Order/Preliminary Injunction Is Issued**

36. Finally, this Court must consider whether issuance of a Temporary Restraining Order and Preliminary Injunction is in the public interest. Government agencies must comply with the laws, executive orders, and regulations under which they operate. Service v. Dulles, 354 U.S. 363 *(1957);* Pan American World Airways. Inc. v. Marshall, 439 F.Supp. 487 (S.D. N.Y. 1977). The public interest is not served when an agency fails to follow its own regulations and fails to act in a lawful and honest manner. Art-Metal - USA. Inc. v. Solomon, 473 F. Supp. 1, 8 (D.D.C. 1978).

37. In addition, to the financial benefit, the issuance of a temporary restraining order and preliminary injunction would serve the purpose of reinstating the public expectation, belief and trust on the public system and procurement contracts.

38. Finally, and even more importantly, a decision directing the DVA to conform to the requirements of its SOLICITATION and status and size protest requirement of the Code of Federal Regulations will foster and encourage other SDVOSBs to establish veteran and service-disabled veteran-owned businesses.

39. The DVA has failed to comply with applicable laws and regulations. The DVA has abrogated the fundamental policy which underlies the Competition in Contracting Act of 1984, that the public is best served by free and open competition. To this end, it is essential that this competition, unless the national interest is truly threatened, be subject to fair and meaningful review. Accordingly, the public interest will be served by issuance of a Temporary Restraining Order and a subsequent preliminary injunction blocking the harmful results of the DVA's foreseeable unlawful conduct.

## CONCLUSION

For all the foregoing reasons, VVS respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction:

1. Directing the DVA with an Injunction to not issue a Notice to Proceed on the SOLICITATION pending a Judgment on VVS' Complaint;
2. In the alternative, if DVA has already been issued NTPs, direct the DVA to suspend all work on the SOLICITATION pending a Judgment on VVS' Complaint;
3. Direct the DVA to immediately forward the VVS' status protests of HOA and VTS to the SBA.
4. Pending the outcome of the SBA's status determination, direct the DVA to stay Contract performance by either the HOA or VTS.
5. Direct the DVA to immediately forward VVS' size protest of Sygnetics to the SBA for a size determination.
6. Pending the outcome of the SBA's size determination, direct the DVA to stay Contract performance by Sygnetics, Inc.

///

///

///

Dated: August 18, 2008

Respectfully submitted,

William L. Bruckner
BRUCKNER & WALKER, LLP
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Veterans Vocational Services

# "Exhibit 1"

# BRUCKNER & WALKER, LLP

**ATTORNEYS**

William L. Bruckner, PE, DVBE
Charles F. Walker
Branden L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

August 15, 2008

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Ms. Rosa Asencio & Mr. Dennis Maloney

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Post-Award Bid Protest**
Service Disabled Veteran Owned Business Set-aside
**Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")

Dear Sir/Ms:

In accordance with Appendix C of the RUSCFC, Veterans Vocational Services ("VVS") through its counsel, BRUCKNER & WALKER LLP, hereby gives notice of a post-award bid protest on the referenced Solicitation. VVS is a Service Disabled Veteran Owned Small Business Concern ("SDVOSBC") that submitted a proposal in response to the SOLICITATION. The SOLICITATION set-aside certain sub areas, to include sub area 19, the state of California, for bidding only by SDVOBs.

VVS learned via telephone conversation with George Tegart of the Department of Veteran's Affairs ("DVA") on July 25, 2008 that VVS was not one of the SDVOSBC entities that was selected to be awarded a contract in response to the SOLICITATION. The Contracting Officer for the SOLICITATION has not officially advised VVS of the names of the awardees. VVS has repeatedly requested a debriefing of its proposal and the names of the awardees but the DVA has not responded.

VVS has also timely filed a status protest with the DVA on July 28 and July 29, 2008 for two of the awardees of the SOLICITATION. As of this date, more than 17 calendar days after the DVA received the VVS's status protests, the DVA has not referred the status protests to the SBA for a determination and will give no date for the referral. The status protests were filed in accordance with the requirements of 13 C.F.R. § 125.25.

VVS' post-award bid protest is based on its contention that the DVA abused its discretion in evaluating VVS' proposal in not awarding a contract to VVS in response to the SOLICITATION. Secondly, that the DVA has violated 13 C.F.R. § 125.25 in failing to refer the status protests to the DVA for a determination.

VVS anticipates its Complaint, Application for TRO/PI and supporting pleadings and documents will be filed with the USCFC on or about August 18, 2008.

The principal point of contact responsible for the procurement is Ms. Rosa Asencio at Tel: 202- 461-6829, Fax: 202-461-0964, Email: rosa.asencio@va.gov. Dennis Maloney, at Tel: 202-461-6814, Fax: 202-273-7448, Email: d.maloney@va.gov, has been identified as an alternate point of contact. VVS will request a temporary restraining order preventing the DVA from proceeding with the procurement pending the outcome of this post-award bid protest.

A protective order is contemplated due to the proprietary nature of the proposals submitted by multiple SDVOBs.

Sincerely,

William L. Bruckner
BRUCKNER & WALKER
Attorneys for Veterans Vocational Services

TRANSMISSION VERIFICATION REPORT

TIME : 08/15/2008 10:19
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | | |
|---|---|---|
| DATE,TIME | 08/15 10:18 | USCFC |
| FAX NO./NAME | 12023576401 | |
| DURATION | 00:00:41 | |
| PAGE(S) | 02 | |
| RESULT | OK | |
| MODE | STANDARD<br>ECM | |

# BROADCAST REPORT

TIME : 08/15/2008 10:17
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

PAGE(S) 02

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 08/15 | 10:08 | 12023052062 DOJ | 39 | 02 | OK | ECM |
| ****** | ****** | ~~12023576405~~ ! | 00 | 00 | CANCEL | |
| ****** | ****** | ~~12024610634~~ | 00 | 00 | CANCEL | |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION
CV : COVERPAGE

BROADCAST REPORT

TIME : 08/15/2008 13:41
NAME : BRUCKNER WALKER
FAX : 8585550813
TEL :
SER.# : BROA5J201688

| PAGE(S) | 02 |
|---|---|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 08/15 | 13:25 | 12023052062 DOJ | 40 | 02 | OK | ECM |
| 08/15 | 13:25 | 12022737448 Maloney | 41 | 02 | OK | ECM |
| XXXXXX | XXXXXX | 12024610694 Gray | 00 | 00 | CANCEL | |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION
CV : COVERPAGE

TRANSMISSION VERIFICATION REPORT

TIME : 08/15/2008 13:43
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/15 13:43 |
| FAX NO./NAME | 12024610954 |
| DURATION | 00:00:41 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

R. Asencio

# BRUCKNER & WALKER, LLP

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Branden L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

August 15, 2008

Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20530

Clerk
United States Court of Federal Claims
717 Madison Place NW
Washington D.C. 20005

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Ms. Rosa Asencio & Mr. Dennis Maloney

VIA FACSIMILE AND OVERNIGHT MAIL

**RE: Notice of Post-Award Bid Protest**
Service Disabled Veteran Owned Business Set-aside
**Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")

# "Exhibit 2"

# SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS
## OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30

1. REQUISITION NO.

PAGE 1 OF 71

2. CONTRACT NO.

3. AWARD/EFFECTIVE DATE

4. ORDER NO.

5. SOLICITATION NUMBER: VA-101-07-RP-0306

6. SOLICITATION ISSUE DATE: 06-22-2007

7. FOR SOLICITATION INFORMATION CALL:

a. NAME: Frank Flutter

b. TELEPHONE NO. (No Collect Calls): (202) 273-7657

8. OFFER DUE DATE/LOCAL TIME: 08-27-2007 2:00PM Local

9. ISSUED BY — CODE

Department of Veterans Affairs
VA Central Office
Acquisition Operations Service (049A3)
810 Vermont Avenue, NW
Washington DC 20420

10. THIS ACQUISITION IS

☐ UNRESTRICTED OR ☒ SET ASIDE: 50 % FOR:

☒ SMALL BUSINESS ☐ EMERGING SMALL BUSINESS

☐ HUBZONE SMALL BUSINESS

☒ SERVICE-DISABLED VETERAN-OWNED SMALL BUSINESS ☐ 8(A)

NAICS: 624310

SIZE STANDARD: $6.5M

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED

☐ SEE SCHEDULE

12. DISCOUNT TERMS

☐ 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING: N/A

14. METHOD OF SOLICITATION: ☐ RFQ ☐ IFB ☒ RFP

15. DELIVER TO — CODE

See Delivery Schedule

16. ADMINISTERED BY — CODE

Department of Veterans Affairs
VA Central Office
Acquisition Operations Service (049A3)
810 Vermont Avenue, NW
Washington DC 20420

17a. CONTRACTOR/OFFEROR — CODE — FACILITY CODE

To All Prospective Offerors

TELEPHONE NO.

☐ 17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18a. PAYMENT WILL BE MADE BY — CODE

Department of Veterans Affairs
FMS-VA-2(101)Certified Invoices
Financial Services Center
PO Box 149971
Austin TX 78714-8971

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED ☐ SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | See CONTINUATION Page | | | | |
| | **See Schedule** | | | | |
| | **Note: See Section D.1 (Paragraph 1) for an explanation of the guaranteed minimum and contract ceiling amounts.** | | | | |

(Use Reverse and/or Attach Additional Sheets as Necessary)

25. ACCOUNTING AND APPROPRIATION DATA: See CONTINUATION Page

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

☐ 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA ☐ ARE ☐ ARE NOT ATTACHED.

☐ 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA ☐ ARE ☐ ARE NOT ATTACHED.

☐ 28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ______ COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED.

☐ 29. AWARD OF CONTRACT: REF. ______ OFFER DATED ______. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT)

30c. DATE SIGNED

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT): ROSA M. ASENCIO, Contracting Officer

31c. DATE SIGNED

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV. 3/2005)
Prescribed by GSA - FAR (48 CFR) 53.212

| 19. ITEM NO | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | | | | | |

32a. QUANTITY IN COLUMN 21 HAS BEEN

☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED: ____________

| 32b. SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 32c. DATE | 32d. PRINTED NAME AND TITLE OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
|---|---|---|
| 32e. MAILING ADDRESS OF AUTHORIZED GOVERNMENT REPRESENTATIVE | | 32f. TELEPHONE NUMBER OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
| | | 32g. E-MAIL OF AUTHORIZED GOVERNMENT REPRESENTATIVE |

| 33. SHIP NUMBER<br>☐ PARTIAL ☐ FINAL | 34. VOUCHER NUMBER | 35. AMOUNT VERIFIED CORRECT FOR | 36. PAYMENT<br>☐ COMPLETE ☐ PARTIAL ☐ FINAL | 37. CHECK NUMBER |
|---|---|---|---|---|
| 38. S/R ACCOUNT NUMBER | 39. S/R VOUCHER NUMBER | 40. PAID BY | | |

| 41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT | | 42a. RECEIVED BY (Print) | |
|---|---|---|---|
| 41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER | 41c. DATE | 42b. RECEIVED AT (Location) | |
| | | 42c. DATE REC'D (YY/MM/DD) | 42d. TOTAL CONTAINERS |

## Table of Contents

**SECTION A** ........ 1

A.1 SF 1449 SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS ........ 1

**CONTINUATION BLOCK** ........ 5

B.1 CONTRACT ADMINISTRATION DATA ........ 5
B.2 PERFORMANCE WORK STATEMENT ........ 6

**CONTRACT CLAUSES** ........ 18

C.1 52.204-9 PERSONAL IDENTITY VERIFICATION OF CONTRACTORS PERSONNEL (JAN 2006) ........ 18
C.2 52.212-4 CONTRACT TERMS AND CONDITIONS--COMMERCIAL ITEMS (FEB 2007) ........ 18
C.3 52.212-5 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS--COMMERCIAL ITEMS (MAR 2007) ........ 22
C.4 52.216-18 ORDERING (OCT 1995) ........ 26
C.5 52.216-19 ORDER LIMITATIONS (OCT 1995) ........ 27
C.6 52.216-22 INDEFINITE QUANTITY (OCT 1995) ........ 27
C.7 52.217-8 OPTION TO EXTEND SERVICES (NOV 1999) ........ 28
C.8 52.217-9 OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000) ........ 28
C.9 52.224-1 PRIVACY ACT NOTIFICATION (APR 1984) ........ 28
C.10 52.224-2 PRIVACY ACT (APR 1984) ........ 28
C.11 52.232-19 AVAILABILITY OF FUNDS FOR THE NEXT FISCAL YEAR (APR 1984) ........ 29
C.12 52.246-25 LIMITATION OF LIABILITY – SERVICES (FEB 1997) ........ 29
C.13 52.252-2 CLAUSES INCORPORATED BY REFERENCE (FEB 1998) ........ 30
C.14 VAAR 852.203-71 DISPLAY OF VA HOTLINE POSTER (DEC 1992) ........ 30
C.15 VAAR 852.237-70 CONTRACTOR RESPONSIBILITIES (APR 1984) ........ 31
C.16 VAAR 852.270-4 COMMERCIAL ADVERTISING (NOV 1984) ........ 31
C.17 VAAR 852.271-70 NONDISCRIMINATION IN SERVICES PROVIDED BENEFICIARIES (APR 1984) ........ 31

**CONTRACT DOCUMENTS, EXHIBITS, OR ATTACHMENTS** ........ 32

D.1 CONTRACT REQUIREMENTS ........ 33
D.2 QUALIFICATION REQUIREMENTS FOR COUNSELORS ........ 40
ATTACHMENT D-I PRICING SCHEDULE/CLIN STRUCTURE
ATTACHMENT D-II PAST PERFORMANCE QUESTIONNAIRE
ATTACHMENT D-III QUALITY ASSURANCE SURVEILLANCE PLAN
ATTACHMENT D-IIIa QASP ASSESSMENT/EVALUATION CHART
ATTACHMENT D-IV HIPAA INFORMATION

**SOLICITATION PROVISIONS** ........ 41

E.1 52.212-1 INSTRUCTIONS TO OFFERORS--COMMERCIAL ITEMS (SEPT 2006) ........ 41
E.2 52.212-2 EVALUATION--COMMERCIAL ITEMS (JAN 1999) ........ 52
E.3 52.212-3 OFFEROR REPRESENTATIONS AND CERTIFICATIONS-- COMMERCIAL ITEMS (NOV 2006) ........ 58
E.4 52.216-1 TYPE OF CONTRACT (APR 1984) ........ 68
E.5 52.216-27 SINGLE OR MULTIPLE AWARDS (OCT 1995) ........ 68
E.6 52.222-46 EVALUATION OF COMPENSATION FOR PROFESSIONAL EMPLOYEES (FEB 1997) ........ 69
E.7 52.233-2 SERVICE OF PROTEST (SEP 2006) ........ 69

E.8 52.252-1 SOLICITATION PROVISIONS INCORPORATED BY REFERENCE (FEB 1998)......70
E.9 SOLICITATION PROVISIONS INCORPORATED BY REFERENCE 48 CFR Chapter 8 VAAR.70
E.10 VAAR 852.233-70 PROTEST CONTENT (JAN 1998)...70
E.11 VAAR 852.233-71 ALTERNATE PROTEST PROCEDURE (JAN 1998)...71
E.12 VAAR 852.270-1 REPRESENTATIVES OF CONTRACTING OFFICERS (APR 1984)..........71

**CONTINUATION BLOCK**

**B.1 CONTRACT ADMINISTRATION DATA**

(Continuation from Standard Form 1449, block 18A.)

1. Contract Administration: All contract administration matters will be handled by the following individuals:

a. CONTRACTOR:

b. GOVERNMENT: Contracting Officer Rosa Asencio
Department of Veterans Affairs
VA Central Office
Acquisition Operations Service (049A3)
810 Vermont Avenue, NW
Washington DC 20420

2. CONTRACTOR REMITTANCE ADDRESS: All payments by the Government to the contractor will be made in accordance with:

[X] 52.232-34, Payment by Electronic Funds Transfer - Other than Central Contractor Registration, or

[ ] 52.232-36, Payment by Third Party

3. INVOICES: Invoices shall be submitted in arrears:

a. Quarterly []

b. Semi-Annually []

c. Other [X] [Monthly]

4. GOVERNMENT INVOICE ADDRESS: All invoices from the contractor shall be mailed to the following address:

Department of Veterans Affairs
FMS-VA-2(101)/Certified Invoices
Financial Services Center
PO Box 149971
Austin TX 78714-8971

ACKNOWLEDGMENT OF AMENDMENTS: The offeror acknowledges receipt of amendments to the Solicitation numbered and dated as follows:

| AMENDMENT NO | DATE |
| --- | --- |
| ______________ | ________ |
| ______________ | ________ |
| ______________ | ________ |

# PERFORMANCE WORK STATEMENT

## NATIONAL ACQUISITION STRATEGY (NAS) FOR VOCATIONAL, REHABILITATION AND EMPLOYMENT (VR&E) SERVICES

### I. Introduction

The Veterans Benefits Administration (VBA), Department of Veterans Affairs (VA) is charged to provide assistance to service-connected disabled veterans through vocational rehabilitation and employment (VR&E) services. Due to the growing demand of VR&E services beyond VA's current capacity, Contractor assistance may be required to supplement and complement vocational rehabilitation and employment services in one or more of the following service groups: Service Group A – Initial Assessment/Evaluation; Service Group B – Case Management/Rehabilitation Services; Service Group C – Employment Services; Service Group D – Educational and Vocational Counseling; and Service Group E – Discrete Services. The services under this contract will be acquired on an as-needed basis.

### II. Background

The Department of Veterans Affairs (VA) has authority, pursuant to Title 38 USC Chapters 18, 31, 35 and 36, to provide all services and assistance necessary to enable eligible veterans with service-connected disabilities to obtain and maintain suitable employment and, if not employable, achieve independence in daily living to the maximum extent feasible. In the discharge of this responsibility, each Vocational Rehabilitation and Employment Service Division (VR&E) within the Veterans Benefit Administration (VBA) Regional Office undertakes an initial evaluation of the veteran to determine his or her eligibility and entitlement for these services and assistance; develops, in cooperation with the veteran, an Individualized Written Rehabilitation Plan (IWRP); provides the veteran with employment placement under an Individualized Employment Assistance Plan (IEAP); or if employment is not possible, services to enhance the veteran's independence in daily living under an Individualized Independent Living Plan (IILP) . The objective of this contract is to provide assistance to VR&E in the following areas: (1) initial assessment/evaluation; (2) case management/rehabilitative services; (3) assist the veteran in finding employment or, if employment is not achievable, in achieving maximum independence in daily living; and (4) educational and vocational counseling to aid the individual in selecting an educational/training objective or an employment objective. The optional services listed under Service Group E: Discrete Services are additional support services that may be required to provide the vocational rehabilitation and employment needs of the veteran and may be acquired under this effort, if the Contractor provides these additional services.

### III. Scope

The Department of Veterans Affairs intends to conduct a national program called the National Acquisition Strategy (NAS) for Vocational Rehabilitation and Employment (VR&E) Services. The Government's objective for this contract is to both supplement and complement the services provided to veterans and service members under Title 38 USC Chapter 31 and individuals under Chapters 18, 35 and 36, Title 38 United States Code, by VA's regional Vocational Rehabilitation and Employment Service (VR&E) offices within VBA.

VA has a requirement for Contractor support to both supplement and complement vocational rehabilitation and employment service to our nation's veterans in one or more of the following Service Groups:

Service Group A: Initial Assessment/Evaluation
Service Group B: Case Management/Rehabilitative Services
Service Group C: Employment Services
Service Group D: Educational and Vocational Counseling
Service Group E: Discrete Services

Services to be provided under this requirement include educational and vocational counseling and a major rehabilitation track for those Veterans whose primary rehabilitative objectives include: (1) training and/or employment services resulting in suitable employment which is compatible with the individual's aptitudes, abilities, and interests; or (2) achievement of independence in daily living.

Veterans for whom the achievement of a vocational goal is feasible, the desired rehabilitation outcome is successful placement in suitable competitive employment or completion of work experience/training/instruction of a vocationally significant nature to assist the veteran to achieve such employment. The following training, rehabilitation pursuits, and employment needs shall be addressed by the Contractor:

(a) Vocational assessment and testing;
(b) Vocational exploration;
(c) Remedial and developmental instruction, if needed;
(d) Personal counseling;
(e) Assistance in using Department of Veterans Affairs (VA) services, as well as State vocational rehabilitation programs and community agencies;
(f) Employment referral, resume, and application services; and
(g) Placement and post-placement services.

Veterans for whom the achievement of a vocational goal has been determined to be infeasible, the rehabilitation objective is to improve the veteran's ability to live more independently in the family and community. In the case of an individual found by the VA to qualify for a program of independent living service, the Contractor shall assess and recommend all services and assistance necessary to enable the veteran to achieve maximum independence in daily living.

The scope of this requirement may include providing as needed services identified herein across the following locations: Continental United States, Alaska, Hawaii, Puerto Rico, Africa, Malagasy Republic, Europe, Middle East, Iran, Afghanistan, Central and South America, Asia, Pakistan, Pacific Islands and Australia.

## IV. Performance Requirements

The performance requirements for the services contained in this performance work statement are:

**Service Group A: Initial Assessment/Evaluation**

Outcome – In accordance with Title 38 USC Chapter 31, the desired outcome of the Initial Assessment/Evaluation is to provide the VR&E counselor with sufficient information about the veteran regarding his or her prior education, military experiences, and the vocational impact of the disability(ies)

# "Exhibit 3"

**William Bruckner**

**From:** Jim Morris [jmorris@ciddiomorris.com]
**Sent:** Tuesday, July 29, 2008 12:53 PM
**To:** 'Asencio, Rosa'
**Cc:** 'Peter Dirkx'; Bill@brucknerwalker.com
**Subject:** Debriefing Request
**Signed By:** jmorris@ciddiomorris.com

Please find attached a request for an immediate debriefing on the referenced solicitation. I may be contacted at (510) 208-7103 during the day, (510) 332-2394 any time.

Thank you,

Jim Morris
Vocational Rehabilitation Consultant
Ciddio-Morris Associates, Inc.
1611 Telegraph Avenue, Suite 808
Oakland, CA 94612
(510) 208-7103
(510) 208-7107 (fax)
(510) 332-2394 (cell)

*Confidentiality Notice: This e-mail, and any attachments thereto, is intended only for the use of the addressee's named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail or via telephone and permanently delete the original and any copy of any e-mail and any printout thereof.*

# VETERANS VOCATIONAL SERVICES

7801 Mission Center Court, Suite 330
San Diego, CA 92108
(619) 296-7065
(619) 296-3217 (Fax)

1611 Telegraph Avenue, Suite 808
Oakland, CA 94612
(510) 208-7100
(510) 208-7107 (Fax)

July 29, 2008

Department of Veterans Affairs
VA Central Office
Acquisition Operations Service (049A3)
810 Vermont Ave., NW
Washington, D.C. 20420

ATTN: Rosa Asencio, Contracting Officer

RE: Debriefing, Solicitation VA-101-07-RP-0306
E.1 52.212-1 INSTRUCTIONS TO OFFERORS--COMMERCIAL ITEMS
Sub-paragraph (k) (1), Debriefing
Sub-Area 19, the State of California

Dear Ms. Asencio:

In accordance with the above referenced provision of the solicitation, we are requesting an immediate debriefing. We have been informed by George Tegart and JoAnn Giurato, employees of the Department of Veterans Affairs and have been advised by these individuals as well as by representatives of the organizations who have been awarded contracts that we have apparently not received an award. We fully expect that you will respond to this request in a prompt and timely manner and will address the following:

(1) The agency's evaluation of the significant weak or deficient factors in the debriefed offeror's offer.

(2) The overall evaluated cost or price and technical rating of the successful and the debriefed offeror and past performance information on the debriefed offeror.

(3) The overall ranking of all offerors, when any ranking was developed by the agency during source selection.

(4) A summary of the rationale for award;

(6) Reasonable responses to relevant questions posed by the debriefed offeror as to whether source-selection procedures set forth in the solicitation, applicable regulations, and other applicable authorities were followed by the agency.

Please contact Peter Dirkx at (619) 507-8238 (cell), or Jim Morris at (510) 208-7103 to make appropriate arrangements.

Sincerely

Peter Dirkx
Managing Partner

Jim Morris
Partner

# "Exhibit 4"

BRUCKNER & WALKER
**ATTORNEYS**

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 28, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
811 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation. Veterans Transition Services ("VTS") was one of or the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

This status protest is filed in accordance with the requirements of 13 C.F.R. § 125.25. VVS learned via telephone conversation with Gary Tagart on July 25, 2008 that VTS was determined to one of the SDVOSBC entities that were awarded the SOLICITATION and as such this status protest is timely filed. The referenced Solicitation is a set-aside for SDVOSBC's.

Veterans Vocational Services protests the SDVOSBC status of Veterans Transition Services ("VTS"), one of the apparent best value selectees on the referenced Solicitation. VVS challenges any award to VTS, Inc. for the reasons listed below:

VTS is not, and was not at the time its proposal was submitted, a validly constituted SDVOSB as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15.

TRANSMISSION VERIFICATION REPORT

TIME : 07/28/2008 15:24
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 07/28 15:23 |
| FAX NO./NAME | 12025655086 |
| DURATION | 00:00:45 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 28, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
811 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation. Veterans Transition Services ("VTS") was one of or the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

TRANSMISSION VERIFICATION REPORT

TIME : 07/29/2008 15:24
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 07/29 15:24 |
| FAX NO./NAME | 12024610964 |
| DURATION | 00:00:46 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 28, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
811 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation. Veterans Transition Services ("VTS") was one of or the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

## Delivery Notification

Dear Customer,

This is in response to your request for delivery information concerning the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1Z FF4 014 01 9043 138 0 |
| **Reference Number(s):** | VVS |
| **Service:** | NEXT DAY AIR |
| **Shipped/Billed On:** | 07/28/2008 |
| **Delivered On:** | 07/30/2008 11:53 A.M. |
| **Delivered To:** | 810 VERMONT AVE NW<br>WASHINGTON , DC , US 20420 |
| **Signed By:** | HALE |
| **Location:** | DOCK |

Thank you for giving us this opportunity to serve you.

Sincerely,
UPS

Tracking results provided by UPS: 07/30/2008 4:10 P.M. ET

# "Exhibit 5"

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 29, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: Solicitation VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation.

Heritage of America, LLC ("HOA") was one of or the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

This status protest is filed in accordance with the requirements of 13 C.F.R. § 125.25. VVS learned via telephone conversation with George Tagart on July 25, 2008 that HOA was determined to one of the SDVOSBC entities that were awarded the SOLICITATION and as such this status protest is timely filed. The referenced Solicitation is a set-aside for SDVOSBC's.

Veterans Vocational Services protests the SDVOSBC status of Heritage of America, LLC ("HOA") ("VTS"), one of the apparent best value selectees on the referenced Solicitation. VVS challenges any award to HOA for the reasons listed below:

HOA is not, and was not at the time its proposal was submitted, a validly constituted SDVOSB as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15.

Heritage of America, LLC is listed as a Service-Disabled Veteran-Owned Small Business on Vet Biz Vendor Information Pages. Vet Biz and CCR lists Thomas Kiley as a member of HOA with a job title of VP/CFO.. On the Dun & Bradstreet Business Information Report Patrick Chorpenning is listed as the CEO of HOA. Michael Fugate is listed as a member and Thomas Kiley is listed as the Vice president and CFO.

The articles of incorporation on the Arizona Secretary of State and the Dun & Bradstreet Business Information Report list Heritage of America. LLC members as: Heritage Counseling Services, Inc., a Hawaiian Corporation, PO Box 5945, Yuma, AZ 85366; MCF Consulting, a sole proprietorship, PO Box 11144, Tempe, AZ; and National Education and Training Services("NETS"), a sole proprietorship, PO Box 11144, Tempe, AZ.

Heritage Counseling Services, Inc. ("HCSI"), PO Box 5945, Yuma, AZ is listed on Vet Biz Vendor Information Pages as a being a Veteran-Owned small business but not a SDVOSB. In the capabilities narrative HCSI indicates it is a "veteran-owned" company. Mr. Kiley is also listed as the President of Heritage Counseling Services, Inc., a member of HOA. HOA and HCSI have the same address.

MCF and NETS are not listed on the CCR or Vet Biz Vendor Information Pages. The only listing for MCF and NETS is on the Arizona Secretary of State website wherein each is listed as a sole proprietorship. Mr. Bruce Battey is listed as the owner of NETS. Mr. Michael Fugate is listed as the owner of MCF.

Mr. Thomas Kiley is apparently the qualifying "veteran" but is not a service-disabled veteran. Mr. Kiley is also neither the President nor the CEO of the LLC. HOA is not owned and controlled by a service-disabled veteran. Therefore, even without more, it is clear that HOA was not a SDVOSBC on the date proposals were submitted to the DVA in response to the SOLICITATION.

In accordance with 13 C.F.R. § 125.25 (e) you must forward any non-premature bid protest to the SBA for a SDVOSB status determination.

Please contact me with any questions.

Sincerely,
BRUCKNER & WALKER

William L. Bruckner
Attorneys for Veterans Vocational Services

TRANSMISSION VERIFICATION REPORT

TIME : 07/29/2008 15:27
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 07/29 15:26 |
| FAX NO./NAME | 12024610964 |
| DURATION | 00:00:46 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 28, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
811 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation. Veterans Transition Services ("VTS") was one of or the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

TRANSMISSION VERIFICATION REPORT

TIME : 07/29/2008 15:23
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE, TIME | 07/29 15:22 |
| FAX NO./NAME | 12024610964 |
| DURATION | 00:00:44 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER

## ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Brandon L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

July 29, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Rosa Ascencio

Re: Solicitation VA 101-07-RP-0306 (“SOLICITATION”)
Vocational Rehabilitation Services (“California”)
SDVOSBC set-aside
SDVOSBC Status Protest

Dear Sir/Ms:

This law firm represents Veterans Vocational Services (“VVS”) and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation.

Heritage of America, LLC (“HOA”)

## Delivery Notification

Dear Customer,

This is in response to your request for delivery information concerning the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1Z FF4 014 01 9949 386 0 |
| **Reference Number(s):** | VVS, 29578121HBI |
| **Service:** | NEXT DAY AIR |
| **Shipped/Billed On:** | 07/29/2008 |
| **Delivered On:** | 07/30/2008 11:53 A.M. |
| **Delivered To:** | 810 VERMONT AVE NW<br>WASHINGTON , DC , US 20420 |
| **Signed By:** | HALE |
| **Location:** | DOCK |

Thank you for giving us this opportunity to serve you.

Sincerely,
UPS

Tracking results provided by UPS: 07/30/2008 4:10 P.M. ET

# "Exhibit 6"

**William Bruckner**

**From:** Maloney, Dennis [d.maloney@va.gov]
**Sent:** Wednesday, August 13, 2008 8:52 PM
**To:** Bill@brucknerwalker.com; Asencio, Rosa; pdirkx@sbcglobal.net; Denniston, Scott (OSDBU); billy.jenkins@sba.gov
**Cc:** Thomas-Wright, Belinda M.; VanDover, Deborah; Smith, Cordell
**Subject:** Re: VA 10O1-07-RP-0306 CONTRACT AWARD

Mr. Bruckner,

We are in process of forwarding the issue to SBA.

My contracting officer is involved in another project needing her immediate attention and will follow up on further status on Monday.

Regards,

Dennis R. Maloney
202-461-68140 Work
703-898-8736 Mobile
202-273-7448 Fax
d.maloney@mail.va.gov---------------------------

----- Original Message -----
From: William Bruckner <bill@brucknerwalker.com>
To: Asencio, Rosa; 'Peter Dirkx' <pdirkx@sbcglobal.net>; Denniston, Scott (OSDBU); billy.jenkins@sba.gov <billy.jenkins@sba.gov>
Cc: Maloney, Dennis; Thomas-Wright, Belinda M.; VanDover, Deborah; Smith, Cordell
Sent: Wed Aug 13 17:47:51 2008
Subject: RE: VA 1001-07-RP-0306 CONTRACT AWARD

Mr. Maloney

Please advise me whether the VVS's status protests have been forwarded to the SBA. If I do not hear by August 15, 2008 I will file a bid protest in the USCFC and seek a TRO and injunctive relief ordering the VA to forward our bid protests to the VA.

William L. Bruckner
Bruckner & Walker, LLP

4550 Kearny Villa Road, Ste 209

San Diego, CA 92123
858-565-8300
The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient, you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system.

---

From: William Bruckner [mailto:bill@brucknerwalker.com]
Sent: Tuesday, August 12, 2008 12:16 PM
To: 'Asencio, Rosa'; 'Peter Dirkx'; 'Denniston, Scott (OSDBU)'; 'billy.jenkins@sba.gov'
Cc: 'Maloney, Dennis'; 'Thomas-Wright, Belinda M.'; 'VanDover, Deborah'; 'Smith, Cordell'

Subject: RE: VA 1001-07-RP-0306 CONTRACT AWARD

Mr. Maloney

Have the status protests I filed against VTS and HOA been forwarded to the SBA? It has been over 14 days and I would normally have received notification by the SBA that the matter had been referred to the SBA for a status determination. Could you please advise?

William L. Bruckner
Bruckner & Walker, LLP

4550 Kearny Villa Road, Ste 209

San Diego, CA 92123
858-565-8300
The information contained in this e-mail message may be privileged and confidential information and is intended only for the use of the individual and/or entity identified in the alias address of this message. If the reader of this message is not the intended recipient, you are hereby requested not to distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or return e-mail and delete the original message from your system.

---

From: Asencio, Rosa [mailto:rosa.asencio@va.gov]
Sent: Thursday, August 07, 2008 10:02 PM
To: Peter Dirkx; Denniston, Scott (OSDBU); billy.jenkins@sba.gov
Cc: Maloney, Dennis; Thomas-Wright, Belinda M.; VanDover, Deborah; Smith, Cordell
Subject: RE: VA 1001-07-RP-0306 CONTRACT AWARD

Peter,

I am currently out of the office. Mr. Maloney is taking care of your protest. As of today you have not received anything in writing from me to request a de-briefing however your request is noted and you will be receiving your debrief in the order in which it was received. We are diligently working and trying to accommodates all of the correspondence being receive. I hope this answers your question.

We appreciate your patient on this matter.

thanks

---

From: Peter Dirkx [mailto:pdirkx@sbcglobal.net]
Sent: Thursday, August 07, 2008 7:25 PM
To: Denniston, Scott (OSDBU); billy.jenkins@sba.gov
Cc: Asencio, Rosa
Subject: VA 1001-07-RP-0306 CONTRACT AWARD

Hello Scott - I sent you an email last week indicating my disappointment in the contract award and included three attachments, which were sent to Rosa Asencio. Two letters were status protest against Veterans Transition Services (VTS) and Heritage of America (HOA) and a third letter requesting a debrief. I have called and sent her an email several times with no response. I recently faxed a letter requesting a response to our three

letters, but have not received any response to date. I also called Jim Kinslow's office but received no response.

My concern now is that those letters may have fallen through the cracks somehow and never got there - can you give me a number (person) that I can call in the VA to see if those letters were received? This whole situation seems very unprofessional.

Perhaps Billy Jenkins can check to see if those protest letters were submitted to the SBA by Rosa Asencio.

Thanks in advance for your assistance,

Peter

Peter C. Dirkx, MS

Certified Career Consultants, Inc.

7801 Mission Center Ct.#330

San Diego, CA 92108

www.certifiedcareerconsultants.com <http://www.certifiedcareerconsultants.com/>

Confidentiality Notice: This e-mail, and any attachments thereto, is intended only for the use of the addressee's named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail or via telephone and permanently delete the original and any copy of any e-mail and any printout thereof.

# "Exhibit 7"

# BRUCKNER & WALKER, LLP

**ATTORNEYS**

William L. Bruckner, PE, DVBE
Charles F. Walker
Branden L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

August 15, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Ms. Rosa Ascencio & Mr. Dennis Maloney

VIA FACSIMILE AND OVERNIGHT MAIL

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Size Protest of Sygnetics, Inc.

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on the referenced Solicitation. Sygnetics was one of the apparent responsible, responsive, best value SDVOSBC proposers on the SOLICITATION.

This size protest is filed in accordance with the requirements of Part 121 of the Code of Federal Regulations. VVS has learned on August 13, 2008 that Sygnetics, Inc. was determined to be one of the SDVOSBC entities that were awarded a contract in response to the SOLICITATION and as such this size protest is timely filed. The referenced Solicitation includes a set-aside for SDVOSBC's for sub area 19, the state of California. The Contracting Officer for this SOLICITATION has not officially advised any of the offerors of the best value selectees as of this date.

Veterans Vocational Services protests the SDVOSBC size of Sygnetics, Inc., one of the apparent best value selectees on the referenced Solicitation. VVS challenges any award to Sygnetics, Inc. for the reasons listed below:

Sygnetics, Inc. is not, and was not at the time its proposal was submitted, a small business as required by the SOLICITATION. The size standard for this procurement is $6.5 million. According to press releases out of Detriot Press, Sygnetics won a large contract in 2004 to recruit and retain civilian workers for the U.S. Department of Defense. The contract is worth up to $134 million through 2009.According to incbiznet.com, Sygnetics had income of $8,731,000 in 2007.

In accordance with Part 121 of the Code of Federal Regulations you must forward any non-premature size protest to the SBA for a SDVOSB size determination.

Please contact me with any questions.

Sincerely,
BRUCKNER & WALKER

William L. Bruckner
Attorneys for Veterans Vocational Services

**Bruckner & Walker, LLP**
**Attorneys At Law**
**4550 Kearny Villa Road, Suite 209**
**San Diego, CA 92123**

William L Bruckner P.E., DVBE
Charles E. Walker
Branden L. Timboe

(858) 565-8300 Telephone
(858) 565-0813 Facsimile
(858) 565-8252 Facsimile

## TELEFAX TRANSMITTAL

TO: Rosa Ascencio

FROM: T. Adams

DATE: 8-15-0

RE:

FAX NO.: 202-461-0964

CASE NO.:

NO. OF PAGES (Including cover page) 3

TIME: am / pm

COMMENTS:

[ ] Original will follow via regular mail
[ ] Original will NOT follow

If you experience any problems with this facsimile, please contact us at (858) 565- 8300.

FAX COVER SHEET WARNING

The information contained in this facsimile is intended only for the personal and confidential use of the recipients named above. This message may be a communication, which, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, Thank you.

TRANSMISSION VERIFICATION REPORT

TIME : 08/15/2008 10:06
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/15 10:06 |
| FAX NO./NAME | 12024610964 |
| DURATION | 00:00:50 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |


**Bruckner & Walker, LLP**
**Attorneys At Law**
**4550 Kearny Villa Road, Suite 209**
**San Diego, CA 92123**

William L. Bruckner P.E., DVBE
Charles E. Walker
Brandon J. Timboe

(858) 565-8300 Telephone
(858) 565-0813 Facsimile
(858) 565-8252 Facsimile


## TELEFAX TRANSMITTAL

TO: Rosa Ascencio

FROM: T. Adams

DATE: 8-15-08

RE:

FAX NO.: 202-461-0964

CASE NO.:

NO. OF PAGES (Including cover page) 3

TIME: am / pm

COMMENTS:

[ ] Original will follow via regular mail

TRANSMISSION VERIFICATION REPORT

TIME : 08/15/2008 13:23
NAME : BRUCKNER WALKER
FAX : 8585650813
TEL :
SER.# : BROA5J201688

| | |
|---|---|
| DATE,TIME | 08/15 13:23 |
| FAX NO./NAME | 12022737448 P. Maloney |
| DURATION | 00:00:37 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD ECM |

# BRUCKNER & WALKER, LLP

ATTORNEYS

William L. Bruckner, PE, DVBE
Charles F. Walker
Branden L. Timboe

4550 Kearny Villa Road, Suite 209
San Diego, California 92123

Telephone (858) 565-8300
Telefax (858) 565-0813
bill@brucknerwalker.com

August 15, 2008

Contracting Officer
Department of Veterans Affairs
VA Central Office
Acquisition Operations Services (049A3)
810 Vermont Avenue, NW
Washington, D.C. 20420

Attn: Ms. Rosa Ascencio & Mr. Dennis Maloney

VIA FACSIMILE AND OVERNIGHT MAIL

Re: **Solicitation** VA 101-07-RP-0306 ("SOLICITATION")
Vocational Rehabilitation Services ("California")
SDVOSBC set-aside
SDVOSBC Size Protest of Sygnetics, Inc.

Dear Sir/Ms:

This law firm represents Veterans Vocational Services ("VVS") and as such is authorized to communicate with you on their behalf. VVS is a General Partnership between Certified Career Consultants, Inc. and Ciddio-Morris Associates, Inc., both of which are small business concerns owned and controlled by a service-disabled veteran. VVS submitted a proposal on