UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Veterans Vocational Services ("VVS"), a Service Disabled Veteran Owned Small Business<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | USCFC NO. 08- 589C<br><br>Judge George W. Miller<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION: POINTS AND AUTHORITIES<br><br>(BID PROTEST) |

**APPLICATION**

1. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and RUSCFC 65, Plaintiff Veterans Vocational Services ("VVS") moves this Court for a Temporary Restraining Order ("TRO"), enjoining and restraining Defendant, THE UNITED STATES OF AMERICA, acting by and through the Department of Veterans Affairs ("DVA"), VA Central Office, Acquisition Operations Services (049A3), 810 Vermont Avenue NW, Washington, D.C. 20420, which is, and at all times herein mentioned was, an agency of the United States from issuing a Notice to Proceed (an "NTP") or a task on Solicitation VA 101-07-RP-0306 requesting proposals for Vocational Rehabilitation Services ("California") (the "SOLICITATION") pending the outcome of VVS' post-award bid protest.

2. Additionally, pursuant to Rule 65(a*)* of the Federal Rules of Civil Procedure and RUSCFC 65, VVS moves this Court for a preliminary injunction ("PI") pursuant to a hearing set by this Court as to whether the DVA should be enjoined and restrained from issuing a Notice to Proceed on the SOLICITATION pending this Court's adjudication of VVS' action for Declaratory Judgment.

3. Additionally, and in the alternative, if an NTP has been already issued to HOA, VTS and/or SYGNETICS, pursuant to Rule 65(a*)* of the Federal Rules of Civil Procedure and

RUSCFC 65, VVS moves this Court for a preliminary injunction ("PI") pursuant to a hearing set by this Court as to whether the DVA should be enjoined and restrained from allowing HOA, VTS and/or SYGNETICS to proceed with the work on the SOLICITATION, pending this Court's adjudication of VVS' action for Declaratory Judgment.

4. This Application is made on the ground that immediate and irreparable injury will result to VVS unless the activity described above is enjoined pending adjudication of VVS' action for Declaratory Judgment. This Application will be based on this Application, Memorandum of Points and Authorities, the Declaration of William L. Bruckner and documents attached the Complaint filed with this Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.**

**STATEMENT OF THE LAW**

5. Both the *Tucker Act, 28 U.S.C. § 1491(b)(2) (2000),* and RCFC 65 grant the United States Court of Federal Claims the authority to issue temporary restraining orders and preliminary injunctions. Preliminary injunctive relief is an extraordinary and drastic remedy. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam); FMC Corp. v. United States, 3 F.3d 424, 427 (Fed.Cir.1993). The standards for obtaining emergency relief, such as a temporary restraining order, are identical to those that must be satisfied before a preliminary injunction may issue. Four Rivers Invs., Inc. v. United States, 77 Fed.Cl. 592, 594-95 (2007). The moving party must demonstrate that: (1) it has a likelihood of success on the merits; (2) it will suffer irreparable harm if preliminary relief is not granted; (3) the harm it will suffer outweighs the harm to the government and to third parties; and (4) the grant of relief is not contrary to the public interest. *Id.;* see also FMC Corp., 3 F.3d at 427; Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952 (Fed.Cir.1990); Hosp. Klean of Tex., Inc. v. United States, 65 Fed.Cl. 618, 625 (2005). "No one factor, taken individually, is necessarily dispositive.... [T]he weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp.,* 3 F.3d at 427.

6. *13 C.F.R. 125.25 (e)* requires the DVA to send all status protests to the SBA for a SDVOSB status determination. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25.*

7. 13. *13 C.F.R. 121.1006* requires the DVA to send all size protests to the SBA for a SDVOSB size determination. The DVA has not to the date of this Complaint complied with the mandatory requirements of *13 C.F.R. 121.1006.*

**B.**

**STATEMENT OF THE FACTS**

8. The SOLICITATION was a request for proposals ("RFP") and a set-aside for proposals only by SDVOSBs. The entire SOLICITATION is voluminous and therefore only selected relevant portions are attached to this Complaint. *Attachment 2 to Complaint.*

9. The SOLICITATION was a competitive set-aside for a Service-Disabled Veteran-Owned Business in accordance with 48 C.F.R. 52-219-27. The SOLICITATION was for the successful proposer to provide assistance to service-connected disabled veterans through vocational rehabilitation and employment ("VR&E"). The object of the Contract(s) resulting from the SOLICITATION was to provide assistance to VR&E in the following areas: (1) initial assessment/evaluation; (2) case management/rehabilitative services; (3) assist the veteran in finding employment or, if employment is not achievable, in achieving maximum independence in daily living; and (4) educational and vocational counseling to aid the individual in selecting and educational/training objective or employment objective. There was also an option to provide discrete other services as required. The SOLICITATION was amended eight times with the final due date for proposals as September 6, 2007**.** *Attachment 2 to Complaint.*

10. On or about September 4, 2007, VVS timely submitted its proposal (the "PROPOSAL") to the DVA. It is alleged, on information and belief, that multiple SDVOSBs submitted proposals in response to the SOLICITATION. On February 17, 2008, the DVA advised VVS that VVS' proposal was in the competitive range.

11. On information and belief it is alleged that the DVA has made awards to three proposers: Heritage of America, LLC ("HOA"); Veterans Transitional Services ("VTS"); and, Sygnetics, Inc. ("SYGNETICS")

12. As of the date of the filing of this Complaint the DVA Contracting Officer has made no written or oral notification of the successful or unsuccessful awardees of the SOLICITATION. It is the understanding of VVS that the DVA intends on issuing the first task orders under the SOLICITATION to commence work on September 1, 2008.

13. On July 25, 2008, VVS learned in an informal telephone conversation with George Tegart of the DVA that VVS' proposal was not selected for award. On July 29, 2008, VVS requested a formal debriefing as required by FAR 52.212-1. *Attachment 3*. The DVA, as of the date of this Complaint, has not responded to VVS' request for a debriefing. VVS believes its proposal was not properly considered for award in accordance with the requirements of the SOLICITATION.

14. On or about July 25, 2008, Mr. Peter Dirkx of VVS was orally advised by Mr. George Tegart of the DVA that awards had been made to Heritage of America ("HOA"), an Arizona entity, and Veterans Transitional Services ("VTS") located in El Cajon, CA. On July 28, 2008 and July 29, 2008, VVS filed status protests with the DVA against HOA and VTS, respectively. The status protest of HOA and VTS was based upon the fact that VTS and HOA are not, and were not at the time their proposals were submitted, validly constituted SDVOSBs as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15. *Attachments 4 & 5.*

15. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25* by forwarding VVS' status protest for a status determination.

16. Commencing August 8, 2008, repeated phone calls and electronic messages were made to the Contracting Officer and other DVA representatives to determine the action taken by the DVA in response to VVS' status protest. The DVA did not respond until August 15, 2008. Even that response provided no date for the mandatory referral to the SBA to occur.

As of August 18, 2008, the DVA has not referred either HOA or VTS to the SBA for a determination of the SDVOSB status of either HOA or VTS. *Attachment 6.*

17. On or about August 14, 2008, VVS learned that the DVA had also made an award of the SOLICITATION to SYGNETICS of Rochester, Michigan. On August 15, 2008, VVS filed a size protest with the DVA against Sygnetics, Inc. The size protest against Sygnetics, Inc. is based upon the discovery that Sygnetics, Inc. had an average income of more than $6.5 million over the past three years. The size standard for this SOLICITATION under NAICS 624310 was $6.5 million. *Attachment 7.*

18. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 121.1006* and forwarded the size protest to the SBA for a size determination.

**C.**

**ARGUMENT**

**VVS IS ENTITLED TO THE ISSUANCE OF A TEMPORATY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

19. VVS will prove that DVA rejected VVS' proposal for veteran vocational services was in clear violation of the terms of the SOLICITATION and federal law.

20. Despite the mandatory requirements of *13 C.F.R. 125.25 (e)*, the DVA has not forwarded VVS' status protests on HOA or VTS to the SBA for a status determination. On this issue alone the Court should issue an immediate TRO and PI staying any award to HOA or VTS pending a determination by the SBA.

21. Despite the mandatory requirements of *13 C.F.R. 121.10006(a)*, the DVA has not forwarded VVS' size protests on Sygnetics, Inc. to the SBA for a size determination. On this issue alone the Court should issue an immediate TRO and PI staying any award to Syngetics, Inc. pending a size determination by the SBA.

**1. VVS Will Suffer Severe Harm If A Temporary Restraining Order And A Preliminary Injunction Is Not Issued**

22. VVS will suffer irreparable injury unless the Temporary Restraining Order and

Preliminary Injunction sought in this case are immediately granted. Monetary damages will not be sufficient to address this harm. The denial of the right to be awarded a contract from the SOLICITATION and have its proposal fairly and lawfully considered constitutes irreparable harm. Additionally, the loss of a major contract is considered to cause irreparable harm when the bid is not fairly and lawfully considered.

23. Alternatively, if a task order under a DVA contract is issued and the award to a currently unknown entity is permitted to actually mobilize and begin performing or if an NTP has already been issued to continue performance, this Court might ultimately determine that, although the award should have been made to VVS, it would now be too costly to disturb the incorrect award to awardee precisely because of the excessive cost to the DVA of having awardee begin performance and demobilize, and then having VVS mobilize and perform.

24. If preliminary injunctive relief is not granted the DVA will be allowed to have VTS, HOA and/or Syngetics, Inc. mobilize and commence performance or to continue performance on the contract, thus diminishing the likelihood that this Court will recommend the appropriate corrective action if it finds that the SOLICITATION was improperly awarded. Without injunctive relief from this Court, VVS may effectively be precluded from meaningful relief and will suffer irreparable harm as a direct result of the DVA's failure to consider VVS' proposal as the best value bid on the SOLICITATION. VVS will suffer irretrievable money losses as well, if VVS is unfairly deprived of the opportunity to fully and fairly litigate its bid protest as Congress determined and intended when it enacted the statutory framework. Art-Metal - USA, Inc. v. Solomon, 473 F.Supp. 1, 4 n.4 (D.D.C. 1978); Pan American World Airways. Inc. v. Marshall, 439 F.Supp. 487, 497 (S.D.N.Y.1977); see also Tri-State Generation v. Shoshone River Power. Inc., 805 F.2d 351, 355 (10th Cir.1986) (where plaintiff cannot collect monetary damages, harm is irreparable.).

25. Absent the granting of the injunction, VVS will be effectively deprived of a remedy for DVA's violation of VVS' clear right, under the terms of the SOLICITATION and the FAR, to be allowed to participate fairly in the bid process. As a result of the DVA's arbitrary and capricious conduct, VVS faces the loss of the profits which are not recoverable. A

contractor seeking damages from the award of a contract to a competitor in the Court of Federal Claims can only recover damages which do not exceed the bid preparation costs. The Court of Federal Claims cannot award recovery of lost profits or of the losses caused by liquidation of assets. Keco Indus. v. United States, 192 Ct.Cl. 773, 785, 428 F.2d 1233,1240 (1970); see also S&W Mechanical v. City of Homerville, 682 F.Supp. 546, 547-548 (M.D. Ga. 1988).

26. The effect of the DVA's action is to impose irreparable harm upon VVS and to deprive VVS of a meaningful opportunity to participate in the aforementioned bid process. The denial of the right to have its proposal fairly and lawfully considered constitutes an irreparable injury as does the loss of a major contract. Additionally, VVS' remedy at law is clearly inadequate. Absent an injunction and a temporary restraining order, VVS would effectively lose the right to be awarded the SOLICITATION.

**2. VVS Will Succeed On The Merits Of Its Claim**

27. On or about July 25, 2008, Mr. Peter Dirkx of VVS was orally advised by Mr. George Tegart of the DVA that awards had been made to Heritage of America ("HOA"), an Arizona entity, and Veterans Transitional Services ("VTS") located in El Cajon, CA. On July 28, 2008 and July 29, 2008, VVS filed status protests with the DVA against HOA and VTS, respectively. The status protest of HOA and VTS was based upon the fact that VTS and HOA are not, and were not at the time their proposals were submitted, validly constituted SDVOSBs as required by 13 C.F.R. § 125.9, 13 C.F.R. § 125.10 and 13 C.F.R. § 125.15. *Attachments 4 & 5 to Complaint filed herewith.*

28. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 125.25.* The language of *13 C.F.R. 125.25(e)* is clear and unequivocal: the DVA Contracting Officer must forward to the SBA any non-premature bid protest. The DVA Contracting Officer has not forwarded VVS' status protest of HOA and/or VTS to the SBA. This is a clear violation of a federal statute and as such this Court must issue a TRO/PI suspending any award to HOA and VTS pending a determination by the SBA of the SDVOSB status of these protested entities.

29. On or about August 14, 2008, VVS learned that the DVA had also made an award of the SOLICITATION to SYGNETICS. On August 15, 2008, VVS filed a size protest with the DVA against Sygnetics, Inc. The size protest against SYGNETICS. is based upon the discovery that SYGNETICS had an average income of more than $6.5 million over the past three years. The size standard for this SOLICITATION under NAICS 624310 was $6.5 million. *Attachment 7.*

30. The DVA has to the date of this Complaint not complied with the mandatory requirements of *13 C.F.R. 121.1006.* The language of *13 C.F.R. 121.1006* is clear and unequivocal: the DVA Contracting Officer must forward to the SBA any non-premature size protest. The DVA Contracting Officer has not forwarded VVS' size protest of Syngetics, Inc. to the SBA. This is a clear violation of a federal statute and as such this Court must issue a TRO/PI suspending any award to Syngetics, Inc. pending a determination by the SBA of the SDVOSB status of these protested entities.

**3. <u>The Harm To VVS Outweighs Any Harm To The DVA.</u>**

31. The DVA faces no irreparable harm if a Temporary Restraining Order and Preliminary Injunction are granted, but maybe a slight delay in the execution and performance of the SOLICITATION. On the other hand, VVS will definitely suffer irreparable monetary injury; that is, VVS will for certain lose the contract.

32. The SOLICITATION is for veterans vocational services, certainly necessary but hardly offensive to the national security. The DVA can simply allow the incumbent contractor to provide services pending the outcome of this bid protest.

33. Thus, a balancing of the hardships posed to VVS and the DVA by the prospect of a Temporary Restraining Order and preliminary injunctive relief demonstrates that VVS will suffer decidedly more severe harm if the Temporary Relief Order and Preliminary Injunction are denied than the VA will suffer if the injunction is granted.

34. Since the balance-of-hardship test weighs heavily in favor of VVS, a Temporary Restraining Order and/or an injunction should be issued "if, at least, grave or serious questions

are presented." Jones, supra, 704 F.2d at 715 (quoting North Carolina State Ports Authority v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979)); Chalk, supra, 710 - 711.

35. DVA's rejection of VVS' proposal is in violation of the Competition in Contracting Act of 1984 which constitutes, at the very least, questions of a grave and serious nature. Thus, VVS is entitled to an injunction even without establishing a likelihood of success on the merits. Moreover, as the previous sections illustrate, VVS' claim is likely to be vindicated on the merits.

**4. The Public Interest Will Be Served If A Temporary Restraining Order/Preliminary Injunction Is Issued**

36. Finally, this Court must consider whether issuance of a Temporary Restraining Order and Preliminary Injunction is in the public interest. Government agencies must comply with the laws, executive orders, and regulations under which they operate. Service v. Dulles, 354 U.S. 363 *(1957);* Pan American World Airways. Inc. v. Marshall, 439 F.Supp. 487 (S.D. N.Y. 1977). The public interest is not served when an agency fails to follow its own regulations and fails to act in a lawful and honest manner. Art-Metal - USA. Inc. v. Solomon, 473 F. Supp. 1, 8 (D.D.C. 1978).

37. In addition, to the financial benefit, the issuance of a temporary restraining order and preliminary injunction would serve the purpose of reinstating the public expectation, belief and trust on the public system and procurement contracts.

38. Finally, and even more importantly, a decision directing the DVA to conform to the requirements of its SOLICITATION and status and size protest requirement of the Code of Federal Regulations will foster and encourage other SDVOSBs to establish veteran and service-disabled veteran-owned businesses.

39. The DVA has failed to comply with applicable laws and regulations. The DVA has abrogated the fundamental policy which underlies the Competition in Contracting Act of 1984, that the public is best served by free and open competition. To this end, it is essential that this competition, unless the national interest is truly threatened, be subject to fair and meaningful review. Accordingly, the public interest will be served by issuance of a Temporary

Restraining Order and a subsequent preliminary injunction blocking the harmful results of the DVA's foreseeable unlawful conduct.

## CONCLUSION

For all the foregoing reasons, VVS respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction:

1. Directing the DVA with an Injunction to not issue a Notice to Proceed on the SOLICITATION pending a Judgment on VVS' Complaint;
2. In the alternative, if DVA has already been issued NTPs, direct the DVA to suspend all work on the SOLICITATION pending a Judgment on VVS' Complaint;
3. Direct the DVA to immediately forward the VVS' status protests of HOA and VTS to the SBA.
4. Pending the outcome of the SBA's status determination, direct the DVA to stay Contract performance by either the HOA or VTS.
5. Direct the DVA to immediately forward VVS' size protest of Sygnetics to the SBA for a size determination.
6. Pending the outcome of the SBA's size determination, direct the DVA to stay Contract performance by Sygnetics, Inc.

Dated: August 18, 2008

Respectfully submitted,

s/ William L. Bruckner
William L. Bruckner
BRUCKNER & WALKER, LLP
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
bill@brucknerwalker.com

Attorneys for Veterans Vocational Services

CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2008 a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Tiffany Adams