# In the United States Court of Federal Claims

| | |
|---|---|
| VETERANS VOCATIONAL SERVICES,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 08-589 C<br>Filed August 21, 2008 |

**SUPPLEMENTAL ORDER**

On August 20, 2008, after a status conference on Plaintiff's application for a Temporary Restraining Order, this Court issued an order requesting simultaneous briefing by **Wednesday, August 27, 2008, at noon, Eastern time**. The Court requested the parties address whether a determination by the SBA favorable to plaintiff as to the size or status of the three awardees that are the subjects of plaintiff's protest would have any impact on the procurement at issue, particularly in light of the timing of the contract award, the timing of the size and status protests filed with VA by plaintiff, the anticipated timing of SBA's resolution of those protests, and all applicable regulations, including but not limited to 13 C.F.R. § 121.1009(g)(3), § 125.27(g), and 48 C.F.R. § 19.302(I).

The Court has identified some further authorities that may be relevant to the present situation and upon which it would appreciate the parties' input. One of these is Judge Sweeney's analysis of post-award size protests at pages 9 through 11 of *International Management Services*, *Inc. v. United States*, 80 Fed. Cl. 1 (2007).

The second authority is 48 C.F.R. § 15.503(2)(i)(D), which requires written pre-award notice to unsuccessful offerors for a service-disabled veteran-owned small business contract, including the interpretations of this regulation in *In re Veteran Enterprise Tech. Servs.*, 2006 C.P.D. ¶ 108, 2006 WL 1975402

(Comp. Gen. July 13, 2006) and *Tech Systems, Inc. v. United States*, 50 Fed. Cl. 216, 223-225 (2001). As to this second matter, the Court requests briefing upon the following questions: (1) Was pre-award notice given?, and (2) If pre-award notice was not given, what consequence follows for the plaintiff's case before this Court?

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge