**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **VETERANS VOCATIONAL SERVICES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | No. 08-589 C<br>(Miller, G.) |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT-INTERVENOR SYGNETICS, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF VETERANS VOCATIONAL SERVICES' APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Defendant-Intervenor Sygnetics, Inc. ("Sygnetics"), by its undersigned attorneys, hereby submits this Brief in Opposition to Plaintiff Veterans Vocational Services' ("VVS") Application for a Temporary Restraining Order (the "TRO Application"). For the reasons stated herein, the TRO Application should be denied as to the contract award to Sygnetics. Moreover, the Court should entertain, at an early point in the case, dismissal of the Complaint with respect to the award to Sygnetics.

## I. Facts and Procedural Background as to the Contract Award to Sygnetics.

Written notice of the Department of Veterans Affairs ("DVA") contract award to Sygnetics under Solicitation Number VA-101-07-RP-0306 (the "Solicitation") was posted on the FedBizOpps Internet site on August 7, 2008. **Attachment 1**.[1] VVS filed its size protest

[1] TRO Application ¶12 and Complaint ¶7 assert that, as of the date of the filing of the Complaint (August 19, 2008), the DVA Contracting Officer had made no written notification of the successful awardees. As shown by Attachment 1, the TRO Application and the Complaint are mistaken in this respect, at least as to the award to Sygnetics.

concerning Sygnetics with the Contracting Officer on August 15, 2008, six (6) business days after the publication of the award to Sygnetics in FedBizOps. Complaint ¶ 12; TRO Application ¶17. According to the TRO Application, the size protest, which Sygnetics has not seen, is based on the claim that Sygnetics had an average annual income over the last three years of more than the applicable $6.5 million size standard. *Id*. at ¶29.

VVS seeks by the TRO Application to have the Court direct DVA to stay performance under the contract awarded to Sygnetics until the Small Business Administration ("SBA") renders a size determination on the protest. The sole ground for VVS's application is that, as of August 19, 2008, the DVA Contracting Officer had not forwarded VVS's August 15th size protest concerning Sygnetics to the SBA. TRO Application ¶¶ 21, 30.

Counsel for Sygnetics has been advised by counsel for Defendant United States that the DVA forwarded the size protest to the SBA on August 19, 2008. Sygnetics counsel further understands that this development was discussed in the initial status conference with the Court. (Sygnetics was not served with the Complaint and thus was not a participant in the initial status conference.)

On August 25, 2008, the Court granted Sygnetics' motion to intervene and leave to file a brief as to the TRO Application. Sygnetics' counsel is advised that Defendant United States will be filing a general opposition to the TRO Application, and thus Sygnetics' opposition is limited to three points of particular import concerning the contract award to Sygnetics.

## II. The TRO Application Should be Denied as to the Award to Sygnetics Because the Size Protest Was Untimely Filed by VVS And Was Forwarded to the SBA Without Undue Delay. Moreover, The Size Protest Lacks Substantive Merit.

### A. VVS's Small Business Administration Protest of the Award to Sygnetics Was Untimely Filed and Thus Has No Application to the Instant Award.

VVS's size protest of the award to Sygnetics has no application to the instant procurement because the size protest was untimely filed with the DVA Contracting Officer, and an untimely size protest cannot affect a specific procurement. To be timely filed, a written size protest must be received by the contracting officer before close of business on the fifth day, exclusive of Saturdays, Sundays, and legal holidays, after electronic posting of notice of the award. 13 CFR § 121.1004(a)(4); *see*, FAR 19.302(d)(1).[2] For a size protest to affect a specific procurement, the protest must be timely asserted. FAR 19.302(d) and (j).

In this case, the size protest was not timely. On August 7, 2008, the DVA posted the award notice on the FedBizOpps Internet site notifying the public of its award to Sygnetics under the Solicitation. **Attachment 1**. Posting an award notice on the FedBizOpps Internet site puts contractors on constructive notice of the award on that date. *See Worldwide Language Resources, Inc.*, B-296984, Nov. 14, 2005, 2005 CPD ¶ 206; *CBMC, Inc.*, Jan. 6, 2005, 2005 CPD ¶ 2. "FedBizOpps have been expressly designated by statute and regulation as the official public medium for providing notice of contracting actions by federal agencies." *Id.*; *see also* 41 U.S.C. § 416(a)(7) (2008); FAR 2.101. Accordingly, to be timely, VVS was required to submit its protest to the Contracting Officer such that the Contracting Officer received the protest by August 14, 2008.

[2] A different time deadline process applies to an oral size protest, but the Complaint does not allege that VVS asserted an oral size protest. Complaint ¶12.

As VVS admits, it did not send, and the Contracting Officer did not receive, VVS's protest until August 15, 2008. Complaint ¶12. Therefore, VVS's protest of the award to Sygnetics was filed on the sixth business day after publication of the award, and was untimely by one day.

As discussed, an untimely size protest cannot be considered as to the acquisition in which it arises. FAR 19.302 (j) ("A protest that is not timely . . . cannot be considered on the instant acquisition. . ."); *see also*, FAR 19.302(d) ("In order to affect a specific solicitation, a protest must be timely."). Because VVS's protest of the award to Sygnetics was untimely, VVS's size protest as to Sygnetics will not be considered on the instant acquisition. *Id*. Thus, irrespective of the merits of VVS's claim that the DVA unduly delayed forwarding its protest to SBA, VVS's size protest as to Sygnetics cannot and will not impact the instant procurement. As the size protest is irrelevant to the instant procurement, VVS is not entitled *under any circumstances* to a stay of contract performance by Sygnetics while the size protest is under SBA consideration. Indeed, this Complaint should be dismissed as to the award to Sygnetics because the untimely filing of VVS's size protest precludes *any* relief in this procurement with respect to that protest.

**B. The DVA Did Not Unduly Delay Forwarding the Size Protest to the SBA.**

Besides the untimely filing of the protest, VVS's complaint as to the DVA's processing of the size protest as to Sygnetics is simply unfounded. The size protest was filed with the Contracting Officer on Friday, August 15, 2008 (Complaint ¶12), and forwarded to the SBA two business days later, on Tuesday, August 19, 2008. FAR 19.302(c)(1) provides simply that the Contracting Officer shall "promptly" forward a size protest to the SBA. It is self-evident that the Contracting Officer's forwarding the size protest to the SBA within two business days of its

filing meets FAR 19.302(c)(1)'s standard of promptness, and the TRO Application is meritless.[3] Furthermore, for this additional reason, the Complaint should be dismissed as to the contract award to Sygnetics.

### C. The Award to Sygnetics Was Proper Because Sygnetics Meets the Size Standard Specified in the Solicitation.

While the merits of the size protest are outside the scope of the instant action before the Court, Sygnetics would further share with the Court that this bid protest action has no merit because the underlying VVS's size protest is meritless. In short, Sygnetics qualifies as a small business for this procurement in accordance with the size standards specified in the Solicitation. As admitted by VVS, the size standard for this procurement was $6.5 million, meaning that to qualify as a small business for this procurement, the offeror must have less than $6.5 million in annual receipts. *See* VVS's Application at ¶17. In accordance with the SBA regulations, for a concern that has been in business for three or more completed fiscal years, annual receipts are calculated based on "the total receipts of the concern over its most recently completed three fiscal years divided by three." 13 CFR § 121.104(c)(1). "Receipts" are defined as "'total income' plus 'cost of goods sold' as these terms are defined and reported on Internal Revenue Service (IRS) tax return forms." 13 CFR § 121.104(a).

Sygnetics' fiscal year runs from January 1 to December 31. Therefore, its most recently completed three fiscal years prior to the proposal deadline of September 6, 2007 include fiscal

[3] Moreover, it is hard to understand how VVS would be prejudiced by the two business days between protest filing and forwarding of the protest to the SBA. As noted above, the protest was untimely, so it cannot impact the instant procurement under any circumstances. Even had the protest been timely, there would be no prejudice to VVS, as contract performance would have remained stayed until the Contracting Officer forwarded the protest to the SBA. *See*, FAR 19.302(h)(1) (contract shall not be awarded until earlier of SBA size determination or ten business days after *SBA's receipt of the protest* from the Contracting Officer.)

years 2004, 2005 and 2006. Sygnetics would represent to the Court that Sygnetics' tax returns filed with the IRS will demonstrate that Sygnetics' average annual receipts over the applicable three year period are below the size standard of $6.5 million.[4] Therefore, in accordance with the SBA regulations, Sygnetics met the size standard specified in the Solicitation and appropriately represented itself as a small business.

**III. Conclusion.**

WHEREFORE, Sygnetics respectfully requests that the Court deny VVS's Application for a Temporary Restraining Order. Sygnetics further requests that the Court entertain at an early stage in the proceeding dismissing the Complaint to the extent it applies to the contract award to Sygnetics, because the underlying size protest was untimely and is irrelevant to that award, and the DVA did not unduly delay forwarding the protest to the SBA.

Respectfully submitted,

s/ David T. Ralston, Jr.
David T. Ralston, Jr.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone 202.672.5300
Facsimile 202.672.5399

*Counsel of Record for Defendant-Intervenor Sygnetics, Inc.*

OF COUNSEL:
Philip A. Nacke
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone 202.295.4086
Facsimile 202.672.5399

Dated August 27, 2008

[4] Because the size determination is not directly relevant here, Sygnetics has not filed the referenced tax returns. However, it would do so under protective order if relevant to an issue before the Court.