U.S. SMALL BUSINESS ADMINISTRATION
Office of Government Contracting, Area IV
500 West Madison Street, Suite 1240
Chicago, IL 60661-2511

COPY

Certified Mail #7004 0390 0001 4822 3143

September 3, 2008

Bruckner & Walker, LLP
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
Attention: William Bruckner

| | | |
|---|---|---|
| Subject: | Size Determination Case: | 4-2008-64 |
| | Protested Business: | Sygnetics Incorporated |
| | Protestor: | Veterans Vocational Services |
| | Solicitation No: | VA 101-07-RP-0306 |
| | Procuring Activity: | Department of Veterans Affairs |
| | NAICS Code: | 624310 |
| | Size Standard: | $6.5 million |

Dear Mr. Bruckner,
The Small Business Administration (SBA) has received your protest concerning the size of the subject business. This protest has been dismissed since the protest was not filed in a timely manner as required in the regulations at 13 CFR § 121.1004(a)(2). That section provides that:

> "A protest must be received by the contracting officer prior to the close of business on the 5th day, exclusive of Saturdays, Sundays, and legal holidays, after the contracting officer has notified the protestor of the identity of the prospective awardee."

Protests must be filed no more than five days following the date the protestor was notified of the prospective awardee's identity. In this case, notification occurred on August 7, 2008, the date that notice of award was posted on FedBizOpps; the protest was received by the contracting officer on August 19, 2008, more than five days after notification. Even had the notification been received the same day it was sent—August 15, 2008—it would fail to satisfy the regulatory requirement.

In addition, the protest has been dismissed because the protest failed to set forth specific grounds for the allegations as required in 13 CFR §121.1007(b). That section provides:

> (b) *A protest must include specific facts.* A protest must be sufficiently specific to provide reasonable notice as to the grounds upon which the protested concern's size is questioned. Some basis for the belief or allegation stated in the protest must

> be given. A protest merely alleging that the protested concern is not small or is affiliated with unnamed other concerns does not specify adequate grounds for the protest…."

An allegation relating to a single year of a firm's income does not satisfy the regulation. Size is governed by "annual receipts," not income. Moreover, the regulation specifies a three-year average, not a single year's income. In addition, the allegation that the protested concern won a large contract four years ago contains no specific information about a firm's income for the relevant period of measurement.

Any person adversely affected by this decision may appeal to SBA's Office of Hearings and Appeals (OHA). An appeal petition must be filed with OHA at the following address:

Office of Hearings and Appeals
U.S. Small Business Administration
409 Third Street, S.W.
Washington, DC 20416

An appeal petition must include the following information:

- the Area Office which dismissed the protest;
- the solicitation or contract number;
- name, address, telephone and facsimile numbers of the contracting officer;
- the date the size determination was received;
- a full and specific statement as to why the size determination is alleged to be in error, together with argument supporting such allegations; and
- the name, address, telephone and facsimile numbers, and signature of the petitioner or its attorney.

OHA regulations (13 CFR Part 134) may be found at http://www.sba.gov/library/lawroom.html. Please read the regulations carefully for very specific filing instructions.

If additional information or assistance is needed please contact David Gordon at (312) 353-7674, via fax to (202) 481-1842, or by e-mail to david.gordon@sba.gov.

Sincerely,

Robert P. Murphy
Area Director for Government Contracting

cc: Belinda Thomas-Wright, Department of Veterans Affairs
Lawrence Lutz, Syngetics Incorporation